IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BYHZIR B. GIDDINGS,** | : | CIVIL ACTION NO. 1:25-CV-2137 |
| | : | |
| Petitioner | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN J. FRITH,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Byhzir B. Giddings, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to give him time credit towards his sentence pursuant to the First Step Act ("FSA"). The petition will be dismissed for failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Giddings is incarcerated in Schuylkill Federal Correctional Institution ("FCI-Schuylkill") serving a federal sentence imposed by a different court in this district. (Docs. 6-2, 6-3). Giddings's petition asserts that the BOP has improperly refused to apply time credits to his sentence that he is entitled to under the FSA. (Id.) Respondent responded to the petition on December 17, 2025, arguing that Giddings failed to exhaust administrative remedies and that his claim otherwise fails on its merits. (Doc. 6). Giddings filed a reply brief in support of his petition on January 5, 2026, making the petition ripe for review. (Doc. 7).

## II. **Discussion**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). Failure to complete the BOP's administrative remedy process in accordance with the BOP's procedural rules constitutes procedural default that bars judicial review. Moscato, 98 F.3d at 760.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Id. at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v.

2

Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Giddings's petition should be dismissed for failure to exhaust administrative remedies because all of his relevant grievances or appeals were dismissed by the BOP on procedural grounds, and he therefore failed to complete the administrative remedy process in accordance with the BOP's internal rules. (Doc. 6 at 4-6). Respondent has produced evidence to support this conclusion. (Docs. 6-2, 6-4). Giddings argues that respondent's exhaustion argument "lacks merit" because he filed grievances and appeals at all levels of the BOP's administrative remedy process that were denied. (Doc. 7 at 1-2).

Respondent is correct that Giddings failed to exhaust administrative remedies. The evidence respondent has submitted[1] shows that he filed an administrative remedy request requesting FSA credits on April 4, 2025, which was denied on April 24, 2025. (Doc. 6-4 at 4). He appealed to the BOP's regional office on May 12, 2025, but his appeal was dismissed as untimely. (Id. at 5). He then attempted to appeal to the central office, but his appeal was dismissed as filed at the wrong level because he had not corrected the untimeliness of his regional appeal. (Doc. 6-2 at 2; Doc. 6-4 at 5). Giddings argues that he exhausted administrative remedies because he filed grievances and appeals at all levels of the

---

[1] Gidding has not disputed the authenticity of the evidence and provides the same relevant information in his petition. (See Doc. 1 at 2-4).

3

BOP's administrative remedy process, (Doc. 7 at 1-2), but his failure to do so in accordance with the BOP's procedural rules constitutes a failure to exhaust administrative remedies. Moscato, 98 F.3d at 760. His petition will accordingly be dismissed for failure to exhaust administrative remedies.

### III.    Conclusion

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    January 21, 2026